UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
05-2733 JMR/FLN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| FRANCISCO AVILA-JUAREZ, | ) | |
| | ) | |
| Respondent. | ) | |

On November 29, 2005, Petitioner United States of America ("United States") filed a Petition to Determine Present Mental Condition of an Imprisoned Person Under 18 U.S.C. § 4245 [Docket No. 1]. On January 5, 2006, a hearing was held at the Federal Medical Center at Rochester, Minnesota ("FMC-Rochester") to determine whether Respondent Francisco Avila-Juarez ("Respondent") is suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable psychiatric facility.

Greg Brooker, Assistant United States Attorney, appeared on behalf of Petitioner; Kate Menendez, Assistant Federal Public Defender, appeared on behalf of Respondent. Respondent was present during the hearing. The Court heard testimony from Dr. D. Christine Sigurdson and received into evidence Government Exhibits 1 - 4.

The matter is before the undersigned Magistrate Judge for a Report and Recommendation pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). Upon the following Findings of Fact/Report, it is recommended that:

1. The Petition to Determine Present Mental Condition of an Imprisoned Person Under 18 U.S.C. § 4245 [Docket No. 1] be granted;

2. Respondent is found to be suffering from a mental disease or defect for the treatment of which he is in need of hospitalization in a suitable psychiatric facility;

3. FMC-Rochester is a suitable facility at which to treat Respondent's mental illness;

4. Respondent be committed to the custody of the United States Attorney General; and

5. The Attorney General hospitalize Respondent at FMC-Rochester.

## FINDINGS OF FACT/REPORT

**I.  APPLICABLE LAW**

Under 18 U.S.C. § 4245, a prisoner who is serving time in a federal prison may not be committed to a mental hospital for care and treatment without the prisoner's consent or a court order. See 18 U.S.C. § 4245; United States v. Watson, 893 F.2d 970, 975 (8th Cir. 1990)(vacated in part on other grounds by United States v. Holmes, 900 F.2d 1322 (8th Cir. 1990)). If the prisoner objects to being committed, the court must order a hearing to determine if there is "reasonable cause to believe that the person may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility." 18 U.S.C. § 4245(a); United States v. Jones, 811 F.2d 444, 447 (8th Cir. 1987).

"If, after the hearing, the court finds by a preponderance of the evidence that the person is presently suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility, the court shall commit the person to the custody of the Attorney General." 18 U.S.C. § 4245(d). The Attorney General must then hospitalize the prisoner "for treatment in a suitable facility until he is no longer in need of such custody for care or treatment or until the expiration of the sentence of imprisonment, whichever occurs earlier." Id.

In summary, the Court is required to answer three questions: "Is the Respondent suffering from a mental disease or defect? If so, is the Respondent in need of custody for care or treatment of that disease or defect? If so, is the proposed facility a suitable facility?" United States v. Horne, 955 F. Supp. 1141, 1144 (D. Minn. 1997). For the reasons set forth below, this Court answers all three questions "yes" and recommends that the Attorney General hospitalize Respondent at FMC-Rochester for treatment of his mental illness.

## II.     APPLICATION TO RESPONDENT

Respondent is currently serving a 24-month sentence for illegal re-entry into the United States, in violation of 18 U.S.C. § 1325. Respondent's projected release date via good conduct time is October 6, 2006. Respondent was emergently transferred to FMC-Rochester on October 4, 2005, for mental health evaluation and treatment. The Petition before this Court alleges that Respondent is presently suffering from a mental disease or defect for which he is in need of custody, care, and treatment in a suitable psychiatric facility. The Petition also alleges that Respondent has refused care and treatment at FMC-Rochester.

### A.     Respondent is Suffering From a Mental Disease or Defect

#### 1.     Respondent's History

At the January 5, 2006, hearing, Dr. Sigurdson testified that Respondent presently suffers from Schizophrenia, Disorganized Type. According to Dr. Sigurdson, the diagnosis is based upon her review of Respondent's medical records and cental file, Respondent's past history, and her evaluations and observations of Respondent. Dr. Sigurdson's colleagues concur in her diagnosis.

The Court finds that Dr. Sigurdson is a credible witness, based on both her expertise[1] and thorough understanding of Respondent's psychiatric history.

Dr. Sigurdson's October 19, 2005, Mental Health Evaluation[2] and the Mental Health Evaluations of Respondent conducted on October 15, 2003 and November 6, 2003,[3] indicate that since the early 1990s, Respondent has had a history of psychotic symptoms. In 2002, Respondent was charged with illegal reentry into the United States, and from July 19 through November 19, 2002, he was treated at USMCFP Springfield, Missouri as part of the process to restore Respondent's competency for trial. At that time Respondent was diagnosed with Schizophrenia, Disorganized Type. He was ultimately restored to competency, tried on the illegal reentry charge, and convicted. After his conviction in 2003, Respondent was incarcerated at CCA Florence, Arizona, but soon thereafter his previous symptoms reappeared and he was transferred to FMC-Rochester for further psychiatric evaluation and treatment. Respondent refused treatment and care, and a commitment hearing was held on January 9, 2004. On April 12, 2004, the Court ordered that Respondent be committed to the custody and care of the United States Attorney General and be hospitalized at FMC-Rochester for treatment pursuant to 8 U.S.C. § 4245. Respondent remained at FMC-Rochester for treatment until his sentence was served and he was released to the Bureau of

---

[1] The parties stipulated to Dr. Sigurdson's qualification and background and the Court accepted her as an expert in the field of psychiatry. Dr. Sigurdson's curriculum vitae was accepted into evidence as Government's Exhibit 1.

[2] Dr. Sigurdson's report was entered into evidence as Government's Exhibit 2 by stipulation. Respondent's medical records and central file were not introduced into evidence. Dr. Sigurdson testified, however, that she reviewed both sets of records as part of her evaluation.

[3] The Mental Health Evaluations of October 15, 2003 and November 6, 2003, were entered into evidence as Government's Exhibits 3 & 4 by stipulation.

Immigration & Customs Enforcement (BICE) in December 2004.

### 2.    Respondent's Current Condition

Respondent returned to FMC-Rochester on October 4, 2005, following a second conviction of Illegal Reentry After Deportation. Upon Respondent's arrival at FMC-Rochester, the medical staff, including Dr. Sigurdson, attempted to conduct psychological testing and treatment. Respondent, however, refused to cooperate. Since his arrival, Respondent has consistently displayed paranoid, uncooperative, and disorganized behavior. Dr. Sigurdson testified that Respondent appears to be suffering from auditory and visual hallucinations, confusion, paranoia, and disorganized speech and behavior. Respondent has failed to socialize with others and has displayed intermittent episodes of complete unresponsiveness. Dr. Sigurdson testified that Respondent continued to decompensate throughout December 2005. Because of his deteriorating condition (including pronounced weight loss and medical concerns), Respondent was given emergency medication on December 1, 2005. Dr. Sigurdson testified that since December 2005 Respondent continued to exhibit symptoms of disorganized behavior, inappropriate affect, incoherent speech, nonsensical utterances, gestures, and notetaking.

Dr. Sigurdson outlined the behavioral symptoms associated with Schizophrenia, Disorganized Type. These include disorganized speech, auditory hallucinations, inappropriate and labile affect, incoherent speech, paranoia, and disorganized behavior. Dr. Sigurdson confirmed that Respondent exhibits all of these symptoms. The Court finds, based on Dr. Sigurdson's testimony and the records before the Court, that Respondent is suffering from a mental disease or defect.

**B.      Respondent is in Need of Custody for Care of Treatment**

Although 18 U.S.C. § 4245(d) does not define when a prisoner is "in need of custody for care or treatment," courts have found that prisoners are "in need" of treatment under 18 U.S.C. § 4245 where a diagnosis is properly supported by psychological and psychiatric testimony. Horne, 955 F. Supp. at 1146; United States v. Eckerson, 299 F.3d 913, 914 (8th Cir. 2002)(applying the legal standard for determining when an inmate is in need of treatment adopted in Horne).

"[I]f a prisoner whose mental illness was left untreated would pose a danger to himself or others if placed in the general prison population, . . . treatment is needed within the meaning of 18 U.S.C. § 4245." Horne, 955 F. Supp. at 1149. A finding of dangerousness, however, is not required. United States v. Akere, 14 Fed. Appx. 292, 293-94 (4th Cir. 2001)(finding no support in 18 U.S.C. § 4245 or the court's precedent for the proposition that the inmate could not be committed to a mental health facility without a finding of dangerousness). Deeming an inmate in "need of treatment" is appropriate where that inmate is unable to function in the general population of a prison because of a mental disease or defect. Horne, 955 F. Supp. at 1149.

Here, it is Dr. Sigurdson's opinion that Respondent is in need of treatment and that it will be more than merely beneficial. In support of that opinion, Dr. Sigurdson testified that, without treatment, it is more than likely that Respondent will deteriorate and eventually become even a greater risk to himself and others. She testified that currently Respondent has no insight into his mental illness or his need for psychiatric treatment, and his functioning continues to deteriorate. Dr. Sigurdson testified that Respondent has shown a good response to psychiatric medication and hospitalization in the past and that he would probably respond again to similar treatment. According to Dr. Sigurdson, treatment for Respondent would include, at a minimum, medication,

psychotherapy, psychoeducation, and planned activity therapy, and that FMC-Rochester is able to provide such services and treatment.

Based on the records and testimony introduced at the January 5, 2006, hearing, the Court concurs with the opinions expressed by Dr. Sigurdson. The Court concludes, therefore, that Respondent is in need of custody for care and treatment.

### C.   FMC-Rochester is a Suitable Facility

The Court finds that FMC-Rochester is a suitable facility for Respondent to receive care or treatment. FMC-Rochester is a fully accredited hospital providing a wide range of medical and therapeutic options for incarcerated inmates. Dr. Sigurdson testified that Respondent could not get the medical attention that he needs at a regular prison facility and that Respondent's prognosis is good with the types of treatment offered by FMC-Rochester. Having received no evidence to contradict this testimony, the Court recommends that Respondent receive his care and treatment at FMC-Rochester.

### **RECOMMENDATION**

For the reasons set forth above, it is recommended that:

1. The Petition to Determine Present Mental Condition of an Imprisoned Person Under 18 U.S.C. § 4245 [Docket No. 1] be granted;

2. Respondent is found to be suffering from a mental disease or defect for the treatment of which he is in need of hospitalization in a suitable psychiatric facility;

3. FMC-Rochester is a suitable facility at which to treat Respondent's mental illness;

4. Respondent be committed to the custody of the United States Attorney General; and

     5.     The Attorney General hospitalize Respondent at FMC-Rochester.

Dated: January 11, 2006

                                                   s/ *Franklin L. Noel*
                                                   FRANKLIN L. NOEL
                                                   United States Magistrate Judge

       Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before January 31, 2006, a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

       Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the parties making the objections shall timely order and file a complete transcript of the hearing on or before January 31, 2006.